*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BUGGS, Minors.

UNPUBLISHED
March 7, 2019

No. 345801
Shiawassee Circuit Court
Family Division
LC No. 18-014255-NA

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to two of her three children under MCL 712A.19b(3)(f). Respondent does not challenge the factual basis for the termination or the trial court's conclusion that termination was in the children's best interests. Rather, respondent argues that the trial court's application of subsection (f) violated her constitutional right to due process. We affirm.

"Both the Michigan Constitution and the United States constitution preclude the government from depriving a person of life, liberty, or property without due process of law." *In re TK*, 306 Mich App 698, 706; 859 NW2d 208 (2014). See also US Const, Am V; Const 1963, art 1, § 17. Due process is comprised of both procedural and substantive components. "Procedural due process limits actions by the government and requires it to institute safeguards in proceedings that affect those rights protected by due process, such as life, liberty, or property." *In re AMB*, 248 Mich App 144, 209; 640 NW2d 262 (2001) (internal citation and block notation omitted). "Procedural due process requires notice and a meaningful opportunity to be heard before an impartial decision-maker." *In re TK*, 306 Mich App at 706.

"The essence of a substantive due process claim is the arbitrary deprivation of liberty or property interests." *Id*. Because parents have a protected liberty interest in the "companionship, care, custody, and management of their children," due process demands that each "state-required breakup of a natural family" be supported by proof of the parent's unfitness to parent his or her child. *In re JK*, 468 Mich 202, 210; 661 NW2d 216 (2003). To facilitate respect for these rights, our Legislature has enumerated the grounds upon which the state may seek to terminate a respondent's parental rights. See MCL 712A.19b(3). "In order to comply with the guarantees of substantive due process, the state must prove parental unfitness by at least clear and convincing

evidence before terminating a respondent's parental rights." *In re B and J*, 279 Mich App 12, 23; 756 NW2d 234 (2008) (internal citation and quotation marks omitted).

On appeal, respondent raises claims implicating both components of due process. Procedurally, respondent argues that MCL 712A.19b(3)(f) creates an irrebutable presumption of parental unfitness, thereby depriving her of a meaningful opportunity to be heard before termination of her parental rights. Substantively, respondent argues that petitioner created the conditions underlying the termination of her parental rights, rendering the termination an arbitrary exercise of the states *parens patriae* power. We address each argument in turn.

## I. RESPONDENT'S PROCEDURAL DUE-PROCESS CHALLENGE

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(f), which provides:

> The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (f) The child has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and both of the following have occurred:
>
> (*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.
>
> (*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

Respondent's procedural challenge to subsection (f) comes on the heels of this Court's conclusion that the prior version of subsection (*l*) violated respondents' rights to procedural due process because it "essentially allow[ed] a trial court to proceed directly to a best-interest determination." *In re Gach*, 315 Mich App 83, 98; 889 NW2d 707 (2016). Subsection (*l*) authorized termination when the "parent's rights to another child were terminated as a result" of previous child-protective proceedings. MCL 712A.19b(3)(*l*), as amended by 2012 PA 368. This Court reasoned that subsection (*l*) created a "presumption of a respondent's unfitness when that respondent has been subjected to a prior termination." *Gach*, 315 Mich App at 99. In other words, upon a finding of a previous termination, the trial court could automatically proceed to the best-interest stage, at which the standard of proof lowers to a preponderance of the evidence. Respondents with prior terminations had no reasonable opportunity to rebut the presumption of unfitness while the constitutionally-required clear-and-convincing-evidence standard controlled.

*Id*. Accordingly, this Court concluded that subsection (*l*) infringed upon respondents' right to a meaningful opportunity to be heard before termination of their parental rights.[1]  *Id*. at 100-101.

Subsection (f) does not raise the same concerns as subsection (*l*).  Contrary to respondent's assertions, subsection (f) contains no presumption of unfitness—either rebuttable or irrebutable.  Rather, subsection (f) requires the petitioner to set forth clear and convincing evidence showing that (1) the child is subject to a guardianship, (2) the respondent is able to support and communicate with the child, and (3) the respondent has failed to support and communicate with the child for at least two years.  MCL 712A.19b(3)(f).  Similar to subsection (*l*), the first showing—the fact of guardianship—may be easily proven by reference to the relevant legal documents creating the guardianship.  Yet, unlike subsection (*l*), the latter two showings—ability to support and communicate and a failure to do so—are fact-intensive.  In this case, the trial court heard testimony from six witnesses about respondent's interactions with the children before it found that respondent failed to provide support for the children and regularly and substantially failed to communicate with the children.  Indeed, respondent testified on her own behalf that she had attempted to contact the children on a handful of occasions.  In short, there is no concern that subsection (f) denies respondent a meaningful opportunity to be heard at the adjudicative stage.

## II.  RESPONDENT'S SUBSTANTIVE DUE-PROCESS CHALLENGE

We also reject respondent's argument that the children's guardian, as petitioner in this matter, unjustly manufactured the conditions that supported termination of parental rights.  The children were removed from respondent's care in 2010 and placed with petitioner.  The record shows that respondent has been in and out of drug-rehabilitation clinics and has not seen the children or provided support for them since 2012.  Respondent acknowledges her drug issues but argues that, despite these issues, she continued to contact the children.  Respondent, however, asserts that petitioner refused to allow her to speak with the children.  For her part, petitioner acknowledged that she told respondent that she could not see the children because respondent missed several visits with the children without a valid excuse.  Moreover, petitioner testified that she did not always let respondent talk to the children when respondent called because she did not see the benefit in letting respondent talk to the children, given that respondent was rotating between rehab, jail, and "the streets."  Nevertheless, petitioner testified that respondent only called sporadically and would fail to call for months at a time.

Respondent argues that petitioner's refusal to allow her to contact the children created the conditions supporting the termination of her parental rights.  Respondent is correct that, generally, a petitioner may not create the conditions that support the termination of parental

---

[1] Our Legislature has since amended subsection (*l*) to rectify this constitutional infirmity.  See 2018 PA 58.  In pertinent part, the current version of subsection (*l*) authorizes termination only when the respondent has failed to rectify the conditions leading to the prior termination.  MCL 712A.19b(3)(*l*), as amended by 2018 PA 58.

-3-

rights.[2] *In re B & J*, 279 Mich App at 19-20. Yet, in this case, it is clear that petitioner's actions were not the sole reason respondent failed to contact her children. Of particular importance to this case, respondent had sought to amend the guardianship roughly 18 months before the termination hearing. The trial court denied the amendment, but told respondent to come back in six months after she proved that it was in the best interest of her children to be in her life. Respondent admits that she failed to return to the court to make this showing. Moreover, the record shows that petitioner's refusal to allow respondent to contact the children was predicated on respondent's criminality, drug use, and failure to attend scheduled visits. Petitioner can hardly be faulted for respondent's drug use and inattention to her children, nor can she be faulted for shielding the children from respondent's lifestyle. This is not a case where petitioner cut off an appropriate line of communication between respondent and her children. Rather, it was respondent's own actions that precluded her from communicating with her children. Accordingly, we are unable to find that petitioner created the conditions underlying the trial court's termination of respondent's parental rights.

Affirmed.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford

---

[2] We note that the due-process clauses generally preclude arbitrary *governmental* action. See *In re B and J*, 279 Mich App at 19 ("[A] state may not, consistent with due process of law, create the conditions that will strip an individual of an interest protected under the due process clause.") (internal citation and quotation marks omitted). Here, petitioner is not a governmental agent; rather, petitioner is the child's non-governmental legal guardian. Nonetheless, we need not determine whether the rule precluding state actors from creating the conditions underlying the deprivation extends to non-governmental guardians. Assuming that the rule so applies, respondent has not shown that petitioner's actions created the conditions upon which respondent's parental rights were terminated.